UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| RAUL FLORES GARCIA,<br><br>   Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>   Defendant. | Case No. SACV 15-00042 (GJS)<br><br>MEMORANDUM OPINION AND ORDER |

## I.   PROCEEDINGS

Plaintiff Raul Flores Garcia ("Plaintiff") filed a complaint seeking review of the Commissioner's denial of his application for Disability Insurance Benefits. The parties filed consents to proceed before the undersigned United States Magistrate Judge, and a Joint Stipulation addressing disputed issues in the case. The Court has taken the Joint Stipulation under submission without oral argument.

## II.   BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

Plaintiff asserts disability since May 19, 2010, based primarily on knee impairments, a right arm impairment, and chronic pain in his knees and arm.

(Administrative Record ("AR") 155, 179).

After a hearing, an Administrative Law Judge ("ALJ") applied the five-step sequential evaluation process to find Plaintiff not disabled. *See* 20 C.F.R. § 404.1520(b)-(g)(1).[1] At step one, the ALJ found that Plaintiff has not engaged in substantial gainful employment since his alleged onset date. (AR 16). At step two, the ALJ found that Plaintiff has the severe impairments of right shoulder impingement syndrome, bilateral chondromalacia of the knees with patellar tendonitis, and left knee medial osteoarthritis. (AR 20). At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or equals the requirements of any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (AR 22). The ALJ assessed Plaintiff with the residual functional capacity ("RFC") for medium work, including lifting or carrying 50 pounds occasionally and 25 pounds frequently and occasional motion with the right upper extremity. (AR 22). At step four, the ALJ found that Plaintiff is capable of performing his past relevant work as a labor crew foreman, as it is generally performed in the economy. (AR 25). Therefore, the ALJ concluded that Plaintiff was not disabled. (AR 29).

The Appeals Council denied Plaintiff's request for review. (AR 1-4).

On January 12, 2015, Plaintiff filed a complaint before this Court seeking

---

[1] To decide if a claimant is entitled to benefits, an ALJ conducts a five-step inquiry. 20 C.F.R. § 404.1520. The steps are as follows: (1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two; (2) Is the claimant's impairment severe? If not, the claimant is found not disabled. If so, proceed to step three; (3) Does the claimant's impairment meet or equal the requirements of any impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is found disabled. If not, proceed to step four; (4) Is the claimant capable of performing her past work? If so, the claimant is found not disabled. If not, proceed to step five; (5) Is the claimant able to do any other work? If not, the claimant is found disabled. If so, the claimant is found not disabled. 20 C.F.R. § 404.1520(b)-(g)(1).

review of the ALJ's decision denying benefits.  Plaintiff raises the following arguments:  (1) the ALJ erred in granting reduced or no weight to the physical functional assessment of Plaintiff's physicians; (2) the ALJ's finding that Plaintiff is not credible is not supported by clear and convincing evidence; and (3) the ALJ erred in classifying Plaintiff's past work as a labor crew foreman, and in finding that Plaintiff could perform that job, as generally performed in the economy.  (Joint Stipulation ("JS") at 5-14, 24-31, 39-43).  The Commissioner asserts that the ALJ's decision should be affirmed.  (JS at 14-23, 31-39, 43-50).

### III.   STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), the Court reviews the Administration's decision to determine if:  (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards.  *See Carmickle v. Commissioner*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 28 L.Ed.2d 842 (1971) (citation and quotations omitted); *see also Hoopai*, 499 F.3d at 1074.

### IV.   DISCUSSION

**A. Step Four**

Plaintiff contends the ALJ misclassified his past work as a labor crew foreman, and erred in concluding that Plaintiff could perform this job, as generally performed in the economy.  The Court agrees.

At step four, the claimant has the burden of showing that he is no longer able to perform his past relevant work.  *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002) (citing *Pinto v. Massanari*, 249 F.3d 840, 844 (9th Cir. 2001)).  The ALJ must make findings of fact regarding the claimant's RFC, the physical and mental demands of the claimant's past work, and whether the claimant can return to his past relevant work "either as actually performed or as generally performed in

the national economy." *Lewis*, 281 F.3d at 1083; Pinto, 249 F.3d at 845. Typically, when determining how the claimant's past relevant work was actually performed, "the claimant is the primary source for vocational documentation, and statements by the claimant regarding past work are generally sufficient for determining the skill level; exertional demands and nonexertional demands of such work." Social Security Ruling ("SSR") 82-62. When determining how the work is generally performed, the ALJ can rely on the descriptions given by the Dictionary of Occupational Titles ("DOT") or a vocational expert. *See id*.; *Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995). However, to properly rely on the DOT when the DOT's job description requirements do not include all of the claimant's exertional and non-exertional limitations, the ALJ must expressly explain in the decision why the claimant can work despite this divergence between the DOT and the claimant's limitations. *Pinto*, 249 F.3d at 847 ("[I]n order for an ALJ to rely on a job description in the [DOT] that fails to comport with a claimant's noted limitations, the ALJ must definitively explain this deviation." (citation omitted)). If necessary, the ALJ can rely on the testimony of a vocational expert to support his conclusion if the testimony is based on evidence supported by the record. *Johnson*, 60 F.3d at 1435 ("an ALJ may rely on expert testimony which contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation.").

    Here, Plaintiff described his past work as a "laborer" and as a "foreman." In his work history report and disability report, Plaintiff indicated that he had worked as a "laborer" in construction from 1995 until he stopped working in 2010. (AR 156, 161-62). At the administrative hearing, Plaintiff described his past work as a as a "foreman laborer," but explained that his past jobs involved work as both a construction laborer and as a foreman. (AR 44). When asked specifically about his work as a foreman, Plaintiff indicated that he was required to perform a substantial amount of manual labor. (AR 53). Plaintiff testified that he "was doing

everything." (AR 53). Plaintiff stated that he did not just give orders, but provided "an example of how to perform things," performed the harder jobs himself, and was asked to do work that others could not do. (AR 53). Plaintiff also stated that his work was never limited to lifting 20 pounds or less. (AR 53).

The vocational expert acknowledged that Plaintiff actually performed his construction work as a "working foreman," at a level that was heavier than light work. (AR 51, 53). Nevertheless, the vocational expert identified Plaintiff's past work as a labor crew foreman and a laborer. The labor crew foreman (labor-crew supervisor, DOT # 899.131-010) is a supervisory position that requires only light work. *See* DOT # 899.131-010 (describing the job as involving supervising and coordinating the activities of other workers, and requiring an ability to exert "up to 20 pounds of force occasionally . . . and/or up to 10 pounds of force frequently."). The laborer position is heavy, semi-skilled work (DOT # 869.664-014). (AR 51). The vocational expert testified that a person with Plaintiff's background and RFC for a range of medium work could perform the labor crew foreman job,[2] but could not work as a laborer. (AR at 52). Relying on the vocational expert's testimony, the ALJ determined that Plaintiff could perform the labor crew foreman position, as generally performed. (AR 25, 51-52).

Plaintiff argues that the ALJ improperly classified his past work as a labor crew foreman, because his past work actually constituted a "combination" or a "composite" of two occupations. (JS at 41). Plaintiff asserts that by ALJ isolating the supervisory aspects of Plaintiff's construction job from the manual ones, the ALJ classified his prior work "according to [its] least demanding function.'" (JS at 41 (citing *Valencia v. Heckler*, 751 F.2d 1082, 1086-87 (9th Cir. 1985) (ALJ erred

---

[2] The VE did not specify whether the labor crew foreman position could be performed as Plaintiff actually performed it or as generally performed in the national economy.

5

by classifying claimant's past work as a tomato sorter requiring light work, when claimant's past work as a kitchen helper and agricultural worker were classified as medium work and required significant manual labor including lifting heavy machinery and farm field work) and *Carmickle v. Commissioner, Soc. Sec. Admin.*, 533 F.3d 1155 (9th Cir. 2007) (ALJ erred by classifying claimant's past carpentry work as purely supervisory requiring no manual labor when the claimant's job involved remodeling houses as well as supervising a crew of other carpenters)). Given the substantial amount of manual labor demanded by his prior construction work, Plaintiff argues that he did not have past relevant work as a labor crew foreman (DOT # 899.131-010) which requires only light work, and the ALJ erred by relying upon this job at step four.

The Commissioner asserts that the ALJ properly relied on the testimony of the vocational expert in making the step four finding. (JS at 44-45). While Plaintiff testified that he actually performed the job at the heavy level, the Commissioner notes that the vocational expert did not alter her classification of Plaintiff's past work as a labor crew foreman, indicating that Plaintiff could still perform the job as generally performed in the national economy. (JS at 44-45). The Commissioner's argument is not persuasive.

The vocational expert essentially conceded that there was a discrepancy between the DOT's description of the labor crew foreman position (DOT # 899.131-010) and Plaintiff's description of his past work when she commented that Plaintiff performed his job as a "working foreman" and at a level that was greater than light. (AR 53). Even so, the vocational expert ignored the fact that Plaintiff's past job involved significant amounts of manual labor by classifying Plaintiff's position as a purely supervisory position. It was error for the ALJ to classify Plaintiff's past work "according to the least demanding function." *Valencia*, 751 F.2d at 1086; *Carmickle*, 533 F.3d at 1166; *see also Lee v. Astrue,* No. C11-1995-JCC-JPD , 2012 WL 3637637 at *5-*6 (where past relevant work consists of

"significant elements of two or more occupations" (i.e., is a "composite job"), benefits may not be denied based on a claimant's ability to do the same type of work as "generally performed.") (citing SSR 82-61 ("composite jobs have significant elements of two or more occupations and, as such, have no counterpart in the DOT")); Program Operations Manual ("POMS") § DI 25005.020(B) ("A composite job will not have a DOT counterpart, so do not evaluate it at the part of step 4 considering work "as generally performed in the national economy."). Thus, the ALJ's reliance on the vocational expert's testimony to conclude that Plaintiff could perform his past relevant work as it is typically performed was not supported by substantial evidence.[3]

---

[3] Further, even if the labor crew foreman position did qualify as a composite job, the demands of this position appear to be inconsistent with Plaintiff's language abilities. According to the DOT, the labor crew foreman position requires Language Level 3 abilities:
 READING: Read a variety of novels, magazines, atlases, and encyclopedias. Read safety rules, instructions in the use and maintenance of shop tools and equipment, and methods and procedures in mechanical drawing and layout work.
 WRITING: Write reports and essays with proper format, punctuation, spelling, and grammar, using all parts of speech.
 SPEAKING: Speak before an audience with poise, voice control, and confidence, using correct English and a well-modulated voice.
DOT # 899.131-010.
 At the hearing, Plaintiff testified with the assistance of an interpreter. Plaintiff explained that he understands some English, but cannot speak English fluently or read or write in English. (AR 23, 45). Although the ALJ noted Plaintiff's limited language skills, he did not make any specific findings in the RFC assessment regarding Plaintiff's ability to communicate in English nor did he include any such limitations in the hypothetical question to the VE. (AR 23, 51). Consequently, the VE did not address the impact of Plaintiff's inability to communicate in English on his ability to perform the labor crew foreman position and the ALJ did not make any findings in this regard. The record is inadequate for the Court to determine whether there was a reasonable basis for this apparent conflict with the DOT. As the Court cannot find that the ALJ's error was harmless, a remand for further proceedings is warranted. *See*, *e.g.*, *Pinto*, 249 F.3d

**CONCLUSION AND ORDER**

IT IS THEREFORE ORDERED that Judgment be entered reversing the Commissioner's decision and remanding this matter for further administrative proceedings consistent with this Memorandum Opinion and Order.[4]

DATED: December 08, 2015

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE

---

at 846 (remand warranted where ALJ found claimant not disabled at step four based "largely" on inadequate vocational expert testimony and ALJ otherwise "made very few findings").

[4] The Court has not reached any other issue raised by Plaintiff except as to determine that reversal with a directive for the immediate payment of benefits would not be appropriate at this time.